**SIGNED.**

Dated: March 01, 2010



*James M. Marlar*
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| JEAN L HODDER and JEFFREY B. HODDER, | No. 4:08-bk-09586-JMM |
| Debtors. | **MEMORANDUM DECISION** |

The Debtors have objected to the secured claims filed by Wilshire Credit Corporation as servicer for LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-MLNI ("Wilshire") (Claim No. 4, amended, and Claim No. 11) (DN 81). Wilshire filed its secured Claim No. 4 for $328,878.33. Wilshire's claim shows it to be the servicer for LaSalle Bank, NA, and secured by real property located at 5778 E. Broadway Ave., Apache Junction, Arizona 85219.

Wilshire also filed Claim No. 11 as a secured claim for $88,823.14. It is also secured by real estate.

Both claims attach information sheets to them, showing the file number, and breaking down the amounts due.

The Debtors' schedules, filed on August 12, 2008 (DN 11), also reflect a secured debt payable to Wilshire of $386,619.94. Moreover, Schedule D does not show the debt to be disputed, contingent or unliquidated.

Wilshire filed a motion for stay relief on October 1, 2008 (DN 24). The Debtors responded by acknowledging the debt and promising to "become current and remain current post-petition" (DN 30). This stay relief issue was resolved by a stipulation, signed by Wilshire's attorney,

1  and the Debtors' attorney, in which the Debtors admitted the debt and agreed to begin and continue
2  paying (DN 64). The court approved that stipulation by order entered May 26, 2009 (DN 65).
3  The Debtors then filed a motion for "reconsideration" of the stipulated order on June 5,
4  2009 (DN 67). The Debtors never moved to set the matter for hearing.
5  Thereafter, Wilshire changed attorneys to Folks & O'Connor and filed a Notice of
6  Default under the stipulation. (*See* DN 77, 78). In addition, Wilshire filed an additional exhibit
7  showing its ability to enforce the debt.
8  The Debtors responded by filing objections to the Wilshire claims on numerous
9  grounds.
10  The record is further confused by the Debtors' second amended plan, filed on
11  September 2, 2009 (DN 71), wherein they agree to keep the residence and continue payments to
12  "Wilshire Credit/LaSalle Bank" (DN 71). The Debtors also note, in their plan, that they intend to
13  assert fraud claims against Wilshire.
14  To date, the Debtors have not confirmed any of their plans, nor have they commenced
15  any adversary proceedings against Wilshire, as required by FED. R. BANKR. P. 7001. Instead, they
16  have filed an overbroad objection to Wilshire's claims which appears to be meritless.
17  The claims are *prima facie* valid. FED. R. BANKR. P. 3001; *In re Heath*, 182 B.R. 557,
18  (9th Cir. BAP 1995).
19  A separate order will be entered which overrules the Debtors' objections to Claim
20  Nos. 4 and 11 of Wilshire.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Keith M. Knowlton, Attorney for Debtors

Lisa S. Kass, Attorney for Wilshire Credit Corporation

Dianne C. Kerns, Trustee

Office of the U.S. Trustee